TIPTON, Admrx., Plaintiff-Appellant, v. DAY, Defendant-Appellee.

Ohio Appeals, Tenth District, Franklin County.

No. 5813. Decided January 28, 1958.

Lewis F. Byers, Mac Lee Henney, Columbus, for plaintiff-appellant.
Isadore Margulis, Columbus, for defendant-appellee.

## OPINION

By BRYANT, J.

Mary L. Tipton, herein called plaintiff, brought an action in the court below against Don Day, herein called defendant, seeking damages for the death of Norma Herren, for whom plaintiff is administratix. At the conclusion of the taking of testimony the trial court sustained a motion by defendant for directed verdict. Thereafter, plaintiff made a motion for a new trial, which on October 8, 1957 by journal entry, was overruled by the court below. On October 18, 1957 plaintiff filed her notice of appeal.

It was on November 7, 1957 that plaintiff filed her bill of exceptions with the clerk of the court below and on Monday, November 18, 1957, the court below allowed said bill of exceptions and on the same date said bill was filed with this court. On Monday, December 9, 1957, plaintiff filed her assignment of errors and brief and on December 19, 1957 defendant filed a motion in two branches seeking to dismiss the appeal or in the alternative to strike brief of plaintiff from the files. The said motion was accompanied by a memorandum and on December 27, 1957 plaintiff filed a memorandum in opposition thereto.

Counsel for plaintiff and defendant are in disagreement as to when the bill of exceptions was filed. Our examination of the document indicates the two filings thereof were made, one in the court below and the other in this court, as pointed out.

Defendant says that because the bill of exceptions was filed in the court of appeals on November 7, 1957 and the brief and assignment of

errors of plaintiff was not filed until December 9, 1957, that the interval of over thirty days constitutes a violation of Rule VII, which should result in a dismissal of the appeal.

This calls for an application of Rule VII as it existed prior to the amendments to the rules of the courts of appeals effective January 1, 1958. The said Rule VII, A, (1) as then in effect provided as follows:

"If a bill of exceptions is required, it shall be filed in the cause in the trial court not later than forty (40) days after the perfecting of the appeal by the filing of the notice of appeal, within the time provided by §2505.07 **R. C. Sec. 2321.05 R. C.**

"Within ten (10) days after a bill of exceptions is settled and allowed by the trial judge and transmitted to the Clerk of the trial Court or authenticated in manner provided by §2321.12 **R. C.**, and filed with the Clerk of the trial Court, appellant shall file such bill of exceptions with the Clerk of the Court of Appeals."

As before pointed out the notice of appeal was filed on October 18, 1957 and under the above rule plaintiff had forty days to file it, not in the court of appeals but in the trial court. In other words, plaintiff had until November 27, 1957 to file the bill of exceptions with the trial court under the above rule. The above rule also provides that an additional ten days may elapse after said bill of exceptions is settled and allowed for transmission to the clerk of the court of appeals. Hence, the time for settling and allowing said bill is in addition to the forty days and the ten days, which might well extend this to Monday, December 9, 1957, for the reason that December 7, 1957 fell on Saturday, which is a half-holiday, followed by Sunday, which is a full holiday, thereby extending the time until December 9, 1957, the very day the brief was filed.

It is further provided in the said Rule VII, E, in part as follows:

"Upon failure of the appellant to file his bill of exceptions, assignments of error, briefs or trial briefs as herein required, unless good cause be shown to the contrary, the cause will be dismissed for want of prosecution or otherwise disposed of at the discretion of the Court."

The first branch of said motion will, therefore, be overruled.

The second branch of the motion seeks to strike from the files the brief filed by plaintiff for the reason that it contains what purports to be photostatic copies of certain maps, pictures and written matter, apparently first published in a magazine or magazines. No objection is made to the assignment of errors by this branch of the motion.

We feel this branch of the motion is well taken for the reason that to permit evidence to be inserted into the record by means of a brief amounts to a denial of the right to the adverse party to confront witnesses, to cross-examine such witnesses and to object to the relevancy, competency or materiality of such evidence before the trial court. There are other objections to this practice which need not be detailed here  Suffice it to say the second branch of the motion should be sustained and the plaintiff should be permitted to refile his brief with the objectionable matter deleted.

PETREE, PJ, MILLER, J, concur.